■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered November 2, 1989, convicting him of criminally negligent homicide (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. No questions of facts have been raised or considered.

In 1978 the defendant became the owner of a commercial/residential building located at 193 Warburton Avenue in Yonkers, New York, which consisted of a liquor store and a dwelling unit at street level and another dwelling unit elsewhere in the building.

In the dark hours of the morning of January 15, 1989, one of the tenants, while falling asleep, dropped a lit cigarette, causing a fire to spread through the building. Although several people were able to escape from the building using various means, eight people perished. Based on these deaths, the defendant was indicted for a number of building code violations (which were dismissed by the trial court on the ground of legal insufficiency since the defendant had not been served with notice to remove the alleged violations), and eight counts of criminally negligent homicide, corresponding to the eight deaths.

At the conclusion of the nonjury trial, the court also dismissed one homicide count. Of the seven remaining homicide counts the court acquitted the defendant of five, and found him guilty of two. The guilty verdicts related to the deaths of two individuals who sought exit through the front door, and reached it, but could not escape because the door, at the time, was deadbolted. We agree with the defendant's contention that the evidence, when viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620), was not legally sufficient to support convictions for criminally negligent homicide.

The evidence established that the deadbolt lock had been in use on the front door for several months prior to the fire. The building was located in a vicinity frequented by drug users and other people who would often gain access to the hallways, occasionally by breaking open the front door. The defendant had replaced the front door lock some 10 or 12 times in order to protect the building and the tenants from intrusion and thievery. Two of the residents then suggested to defendant that a dead bolt lock be installed on the front door. The defendant agreed, and in the spring of 1988 the two residents installed the subject lock, for which they were reimbursed by the defendant. The device locked from both the inside and the outside, and could not be opened from either side without a key. Simultaneous with its installation, the defendant distributed keys to all the residents.

The People assert that the risk to the residents was increased by the fact that at the time of the fire the building

was inhabited by more people, and contained more dwelling units, than contemplated under its classification as a two family dwelling. They aver that if the defendant had sought to acquire a permit for a multiple dwelling, certain additional safety features would have been required by law. The defendant contends, however, that the preventative effect of any such features is, on this record, speculative, that no code violations against the building were in existence at the time of the fire, and, further, a Building Inspector for the City of Yonkers testified at the trial that he filled out a report dated August 22, 1988, relative to an inspection he performed for the Department of Social Services to determine if one of the apartments in the building was in satisfactory condition for a Department of Social Services client placement, and that while his visit did not entail a full scale building inspection, he did not observe any violation worth reporting, and that he would have reported any condition that compromised the safety of the building.

We conclude that defendant's conduct, under all of the circumstances, does not make out the elements necessary to support a finding of criminally negligent homicide *(see, People v Boutin,* 75 NY2d 692, 695; *cf., People v Deitsch,* 97 AD2d 327).* Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.